### SULLIVAN v. McANENY, Borough President.

(Supreme Court, Appellate Division, First Department. June 16, 1911.)

1. MUNICIPAL CORPORATIONS (§ 126*)—OFFICERS—POWER TO CREATE.

Greater New York Charter (Laws 1901, c. 466) § 56, requiring the board of aldermen, on recommendation of the board of estimate and apportionment, to fix the salary of officers, simply confers power to fix the salary of every officer whose compensation is paid out of the city treasury, except day laborers, teachers, examiners, and members of the supervising and teaching staff of the department of education, and does not authorize the creation of positions.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 298–300; Dec. Dig. § 126.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—OFFICERS—CIVIL SERVICE.

The commissioner of public works of the city of New York, finding two foremen in the competitive civil service list in the bureau of public buildings and offices where only one foreman is needed, may, in interests of economy, reduce the force and retain the one deemed best fitted for the work, who is entitled to preference under the exempt firemen's provisions of the statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 593; Dec. Dig. § 218.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. MANDAMUS (§ 181\*)—ANSWERING AFFIDAVITS—CONCLUSIVENESS.**

The statements and denials in the answering affidavit in mandamus must be taken as true on motion for a peremptory writ.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 408; Dec. Dig. § 181.\*]

Appeal from Special Term, New York County.

Application of Thomas J. Sullivan for a writ of mandamus against George McAneny, as President of the Borough of Manhattan, to compel defendant to restore relator to the position of foreman cabinetmaker in the bureau of public buildings and offices. From an order granting a peremptory writ, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Archibald R. Watson, Corporation Counsel (Terence Farley, of counsel, and Elliott S. Benedict, on the brief), for appellant.

James M. Vincent (William J. Bolger, of counsel), for respondent.

CLARKE, J. The petition alleges that relator was on the 28th of May, 1903, duly appointed a cabinetmaker in the bureau of public buildings and offices attached to the office of the president of the borough of Manhattan; "that the grade of foreman cabinetmaker is in the classified civil service, and was established according to law by resolution of the board of aldermen June 22, 1909, fixing the place of foreman cabinetmaker at $6 per day and limiting it to one incumbent, and deponent was appointed July 1, 1909, thereto, after a competitive civil service examination for such position, held June 2, 1909;" that on the 13th of October, 1910, he was served with a notice, signed by E. V. Frothingham, commissioner of public works under the president of the borough of Manhattan, notifying him that on and after the 31st of October, 1910, his services were no longer required in consequence of a reduction in force, and the petitioner was discharged from that date.

The affidavit in answer of the secretary of the municipal civil service commission states that there are no civil service titles of foreman of carpenters, or foreman of cabinetmakers; that with the exception of the foreman bookbinder and foreman in the fire service and the street cleaning service "all other foremen in the said classification are classified in the competitive class, part 4, of the inspection service, as follows: Group 4, position of foreman, assistant foreman, foreman, general foreman."

It appears that Oscar A. Price was appointed originally in the department of street cleaning in 1896, and on or about the 7th day of April, 1902, was transferred to the office of the commissioner of public works, and on November 16, 1903, was regularly promoted to the position of foreman, which position he has occupied ever since; that he was a veteran and exempt volunteer fireman, having served about 12 years as a member of a hose company in Poughkeepsie, and received a certificate as such exempt fireman after 5 years' service in 1875, having during his time of service as foreman been a resident of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Poughkeepsie, voted there, and actually helped in saving property at fires in said city.

The commissioner of public works states that there were nine carpenters and three cabinetmakers employed in the division of public buildings and offices under his jurisdiction, and that for some time prior to the date of petitioner's suspension he was in charge as foreman both of the carpenters and cabinetmakers above mentioned; that for some time Price had been doing high-class carpentry and cabinet work in the division of public buildings and offices, and his civil service title was that of foreman, and his salary was at the rate of $1,200 per year; that he did not deem it advisable to have two foremen in charge of this small force of men, and of the two men, Price and the petitioner, it was considered that Price was the more efficient, and that he was an exempt veteran, volunteer fireman; that therefore, to save the compensation paid to the petitioner, he was notified he was discharged by reason of the reduction of force, and his name was sent to the civil service commission to be placed upon the preferred eligible list; and that no foreman has since petitioner's suspension been appointed to take the place of Price, or to perform the work formerly performed by him prior to petitioner's suspension.

[1] The resolution of the board of aldermen, which the petitioner relies upon as establishing the position and grade of foreman cabinetmaker, was passed by said board under the provisions of section 56 of the charter (Laws 1901, c. 466), which was held by this court, in Matter of Barton v. Brennan, 141 App. Div. 295, 126 N. Y. Supp. 47, to be not a provision for the purpose of creating positions, but simply conferring power to fix the salary of every officer or person whose compensation is paid out of the city treasury, except day laborers, teachers, examiners, and members of the supervising and teaching staff of the department of education.

[2, 3] It seems to us clear that there has been no violation of the civil service law (Consol. Laws 1909, c. 7), and that the commissioner, finding two foreman, both in the competitive civil service list, where only one was needed, was authorized in the interests of economy to reduce his force, and retain the one whom he deemed best fitted to do the work, who was also entitled to preference under the exempt firemen's provisions of the statute, and that by the statements and denials in the answering affidavit, which upon a motion for a peremptory writ of mandamus must be taken to be true, relator was not entitled to the writ asked for.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $50 costs. All concur.